## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDARRYL STEVENSON, | |
| **Plaintiff,** | |
| v. | Case No. 24-cv-49-MAB |
| ALEX MALDONADO, NURSE WALTERS, and ANTHONY WILLS, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Cordarryl Stevenson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Stevenson alleges that Alex Maldonado failed to protect him from self-harm in violation of the Eighth Amendment. He also alleges that the defendants failed to provide him with adequate medical care for his injuries in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen

---

[1] The Court has jurisdiction to screen the Amended Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In the Complaint, Stevenson makes the following allegations: Stevenson alleges that he has mental health and behavioral problems, and he was receiving treatment while at Menard (Doc. 1, p. 3). On April 7, 2023, Stevenson felt suicidal. At approximately 2:10 p.m. he informed Correctional Officer ("C/O") Alex Maldonado that he felt suicidal and planned to set himself on fire (*Id*.). Maldonado merely walked away and started conversing with other inmates (*Id*.). Stevenson then proceeded to start a fire and set his left leg on fire (*Id*.). Maldonado noticed the smoke and heard Stevenson screams. But instead of helping Stevenson, Maldonado left the unit without notifying any other staff that Stevenson was on fire in his cell (*Id*.).

At approximately 3:05 p.m., C/O Dylen Ranta entered the unit for the 3:15 count (*Id*.). Inmates in the unit banged on the cells kicked the doors, and yelled at Ranta for help because of the fire in Stevenson's cell (*Id*.). Ranta saw that Stevenson was on fire and immediately notified the sergeant (*Id*. at p. 4). Officers then removed Stevenson from his cell and took him to the North 2 cellhouse infirmary (*Id*.). Stevenson waited 10 to 15 minutes before Nurse Walters provided him with care. Nurse Walters removed the

burned plastic, tissue, and skin from Stevenson's leg (*Id.*). She treated his leg with silver sulfadiazine and wrapped his wounds. But Nurse Walters then returned Stevenson to his cell without informing any other medical staff about his injuries (*Id.*). Stevenson waited in his cell for 72 hours with third degree burns, without any further treatment. He eventually was seen by a nurse practitioner and immediately transferred to a hospital emergency room in St. Louis, Missouri due to the severity of his injuries (*Id.*).

<u>Discussion</u>

Based on the allegations in the Complaint, the Court designates the following counts:

| | |
|---|---|
| **Count 1:** | **Eighth Amendment claim against Alex Maldonado for failure to protect and deliberate indifference to Stevenson's risk of self-harm on April 7, 2023.** |
| **Count 2:** | **Eighth Amendment claim against Nurse Walters for her deliberate indifference to Stevenson's burns.** |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

Suicide, attempted suicide, and other acts of self-harm clearly pose a "serious" risk to an inmate's health and safety and may provide the foundation for deliberate indifference to medical needs and failure to protect claims. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001)). Where the harm at issue is a suicide or attempted suicide, deliberate indifference requires "a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded the risk." *Collins*, 462 F.3d at 761 (citations omitted). Here, Stevenson alleges that he informed Maldonado that he felt suicidal prior to setting himself on fire. He also alleges that Maldonado noticed the smoke and heard his screams but walked out of the unit without providing help or informing other officers of the situation. At this stage, Stevenson's allegations are sufficient to state a claim under the Eighth Amendment.

**Count 2**

Stevenson also states a claim against Nurse Walters for her failure to provide appropriate care for his injuries. Although Stevenson alleges that Walters cleaned and bandaged his burns, he alleges that Walters failed to inform a doctor of his injuries and left Stevenson in his cell for approximately three days without any additional care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). Thus, he also states an Eighth Amendment claim against Nurse Walters.

**Anthony Wills**

Stevenson also identifies Warden Anthony Wills as a defendant in the caption of his case. He fails, however, to include any allegations against Wills in the statement of his claim. He states that as the warden at Menard, Wills was responsible for all operations at Menard and the welfare of all inmates at the prison (Doc. 1, p. 2). But Wills cannot be held liable simply for his position as the warden of the prison because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *See Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Further, there are no allegations to suggest that he was aware of Stevenson's risk of self-harm or his need for additional medical care for his injuries. Stevenson does state that he is suing the defendants in their official capacity and seeks injunctive relief, but he fails to allege the nature of the injunctive relief he seeks. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden in his official capacity proper party when inmate seeks injunctive relief). There is no indication that he seeks additional care for his injuries or any other relief that might require the warden, or any other defendant, to remain in their official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983"). Thus, the claims against Warden Wills, as well as all other official capacity claims, are **DISMISSED without prejudice**.

## Pending Motions

As to Stevenson's motion for counsel, he alleges that he has a serious mental illness and takes psychotropic medications (Doc. 3). He also indicates that he has limited

access to the prison law library. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[3] Further, counsel is not needed at this time because Defendants have not filed an Answer nor is there anything pending that would require the assistance of counsel. Thus, his motion for counsel (Doc. 3) is **DENIED**. Stevenson may renew his motion for counsel at a later date.

## Disposition

For the reasons stated above, Count 1 shall proceed against Alex Maldonado and Count 2 shall proceed against Nurse Walters. Warden Anthony Wills and all claims against the defendants in their official capacities are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Alex Maldonado and Nurse Walters: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Stevenson. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that

---

[3] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Stevenson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Stevenson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Stevenson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/2/2024**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**